GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

ALFRED BISCHOFF, Defendant

Civil No. 234-1967

Municipal Court of the Virgin Islands

Christiansted Jurisdiction

March 13, 1968

A. ROBERT PFEFFER, ESQ., Assistant Attorney General, *for Government*

JAMES HODGE & TONKIN (RONALD H. TONKIN, ESQ.), *for defendant*

JOSEPH, *Judge*

## MEMORANDUM OPINION

The defendant, Alfred Bischoff, was, for the period commencing on January 1, 1966, and ending on September 6, 1966, doing business as the proprietor of a bar and restaurant business known as the "Brauhus". During that period of time he employed two employees, Pricilla Webb and Nora Wallace, as bartender and short order cook, respectively. Both of these employees are aliens who were admitted to the Virgin Islands as non-immigrants for the purpose of temporary employment. In making application for the employment certification and admission of these employees defendant stated that they would be employed as domestic maids. For the first several months of their employment they were so employed. Sometime prior to January, 1966, however, defendant began employing them both full time as bartender and short order cook. Suit has been brought herein by plaintiff, the Government of the Virgin Islands, as assignor of claims of the employees for unpaid wages allegedly due them by defendant because of his failure to pay certain minimum wages allegedly applicable to their employment.

The authority of the Commissioner of Labor to bring an action pursuant to the provisions of 24 V.I.C. § 17(b) to collect a wage claim after its assignment to him by an employee is not challenged by defendant. This statute authorizes the collection of wages to which an employee is entitled under or by virtue of Title 24, Chapter 1 of the Virgin Islands Code. It has been stipulated that the two employees whose claims are here asserted were employed for a period of 36 weeks from January 1, 1966, until September 6, 1966; that they worked six days each week for eight hours each day, and that for the first four weeks they were paid $30 each week and for the remaining 32 weeks they each received $40 for a week's work. The question to be determined is the amount of wages which the defendant was legally required to pay them for this employment.

Plaintiff contends that a wage schedule which it terms the "Employment Security" wage schedule is applicable. Testimony of plaintiff's witnesses is to the effect that this schedule was set by the United States Secretary of Labor and that it provides wage rates of $1.30 for bartenders and that the rate for short order cooks was $1.35 until April 12, 1966, and $1.46 thereafter. No such wage schedule has been introduced or offered in evidence and no authority as to its existence or origin has been submitted. The court has endeavored independently to determine whether such a wage schedule has been established or authorized by the Secretary of Labor or his duly authorized representative. These efforts have proved to be fruitless. Accordingly, the court is unable to rule that the so-called "Employment Security" rates are applicable to the employment of Nora Wallace and Pricilla Webb.

There is also testimony that a slightly lower schedule, termed "Recruitment Wage Order Number 1", has established wage rates of $1.25 for bartenders and $1.35

for short order cooks. Defendant contends that this wage schedule is not applicable inasmuch as it was not published as required by law. This schedule, like the other referred to above, has not been offered or introduced in evidence nor has any evidence of its publication been offered. It has not been published in the Virgin Islands Rules and Regulations. Pursuant to the provisions of 3 V.I.C. §§ 931–933, regulations made by any agency, including any officer, department, bureau, board, etc., of the Virgin Islands must be filed with the Government Secretary and published in the Virgin Islands Register, otherwise they will be void and of no effect. Neither the "Employment Security" wage schedule nor the "Recruitment Wage Order Number 1" have been so filed and published.

■ ■ The Government argues, however, that even though these wage schedules do not have the force of regulations, the wage rates of the schedules are enforceable in this proceeding because, had the employer, defendant here, fulfilled his legal obligation to report correctly that the employees were working as bartender and cook, he would have been required to sign a contract agreeing to pay them the wage rates set by the schedule for their category of work. The principle of law advanced may well apply if we were dealing with a contract voluntarily entered into between two individuals dealing at arm's length. This is, however, not the case here. The court is well aware of the strong public policy represented by the enactment of our labor laws. The protection of workers against low wages, oppressive working conditions and discriminations of various sorts is necessary to the sound and healthy economy of any nation, state or territory. There is, however, another public policy reflected in our labor laws. That is that employers must be given the opportunity to be publicly notified of the provisions of the laws with which they are to comply. Title 24 of the Code contains various

provisions for publication and notice. See, in this connection, sections 7, 10 and 131. Sections 931–933 of Title 3 are strong pronouncements of this policy. In the opinion of the court the failure of the Commissioner of Labor to publish these wage schedules as required by law renders them unenforceable in this proceeding.

■ Wage Order Number 7 has been published in the Virgin Islands Rules and Regulations at Title 24, section 7–62. The wage rate there set for bartenders is $1.10 per hour and for assistant cooks the wage rate is $0.90 per hour. The parties have stipulated and the court finds from the evidence that Miss Wallace was an assistant cook, there being no category for short order cooks. Miss Wallace worked under the direction and supervision of the defendant who cooked the more complicated dishes himself. Accordingly the employees are entitled to compensation at these wage rates.

■ ■ This brings up the remaining question of compensation for lunch time. The parties stipulated, early in the trial, that each of the employees had worked eight hours each day. The testimony given at a later time showed that they were not paid for one-half hour each day which was considered to be lunch time, although they were not permitted to have a free lunch period. They testified, and the defendant did not dispute the fact, that on many if not all days they were given only ten or fifteen minutes to eat lunch, and that then they were subject to being interrupted to wait on customers or for other duties. Following this testimony the Government's attorney moved to amend the complaint to seek compensation for the employees for this time, as being time worked within the meaning of the law. The court agrees that such time is "time worked", and should be included in computing the compensation due. An employee who is "on call" is working.

See Travis v. Ray, D.C. Ky., 1941, 41 F.Supp. 6. The court will, in the interest of effectuating the public policy involved, disregard the stipulation and permit the amendment, thus finding that each of the employees worked eight and one-half hours each day, or a total of 51 hours each week.

There was some discussion by counsel at the time of the trial to the effect that the law permits an employer to charge his employees as much as thirty cents each day for lunch. Wage Order Number 7 does contain such a provision. There was no evidence presented, however, that such a charge was made by defendant here. Accordingly no deduction will be allowed for meals furnished. Each of the employees worked 51 hours each week and received compensation for the 36 weeks worked in the amount of $1,400. Pricilla Webb, as bartender, should have been paid $1.10 per hour for the first forty hours worked and $1.65 for each of the eleven overtime hours. The balance due her is, therefore, $837.40. Nora Wallace, as assistant cook, is entitled to 90 cents per hour for a straight 40 hours and $1.35 for the eleven overtime hours, leaving a balance of $430.60 due her. The court will accordingly enter judgment against the defendant in the amount of $1,268 plus costs.